USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 8/23/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATAR NDIAYE,

Petitioner,

-v -

KENNETH GENALO, *New York Field Office Director for U.S. Immigration and Customs Enforcement*, *et al.*,

Respondents.

1:26-cv-6053-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

## I. BACKGROUND

On July 16, 2026, Petitioner Matar Ndiaye, through his counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 1. The same day, the Part I judge on duty entered an order directing that Petitioner not be removed from the United States pending resolution of the issues raised in his petition. The Court issued an order directing the United States to file a letter containing information regarding the circumstances of Petitioner's detention on July 17, 2026. Dkt. No. 4. The Government filed its response on July 21, 2026. Dkt. No. 6. The next day, the Court held a conference to discuss the petition. Based on the parties' presentations, the Court issued an order directing the parties to meet and confer regarding a briefing schedule that would permit Petitioner to file an amended petition with the benefit of the additional facts presented in the Government's letter. Dkt. No. 10. At the parties' request, the Court extended the deadline for the parties to make that submission to August 7, 2026. Dkt. No. 13. On August 11, the Court ordered that any amended petition by Petitioner be filed no later than August 15, 2026, and that the Government's opposition to the amended petition be filed no later than August 22, 2026. Dkt. No. 15.

In accordance with that schedule, on August 15, 2026, Petitioner filed an amended petition. Dkt. No. 17 (the "Petition"). In the Petition, Petitioner requested that the Court order his immediate release as a result of asserted violations of his rights under the Due Process Clause of the Vth Amendment of the United States Constitution. Petition at 13-15. He also asserted that relief was warranted as a result of asserted violations of the Administrative Procedure Act and the "*Accardi* doctrine." *Id.* at 15-17. On August 22, 2026, the United States filed a letter in response to the Petition. Dkt. No. 18 (the "Response"). In it, the Government wrote "to submit this letter of non-opposition to the Amended Petition and to Petitioner's request for immediate release." *Id.*

## II. LEGAL STANDARD

Mr. Ndiaye brought this petition for a writ of habeas corpus under 28 U.S.C. § 2241. Section 2241 "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18 CIV. 4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)). "Jurisdiction over 28 U.S.C. § 2241 habeas petitions is properly limited to purely legal statutory and constitutional claims and does not extend to review of discretionary determinations by immigration judges." *Id.* (quotation and brackets omitted). The Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## III. DISCUSSION

Mr. Ndiaye is entitled to an order granting his immediate release. Mr. Ndiaye's Petition adequately establishes a violation of his rights under the Due Process Clause of the Vth Amendment. The Government does not oppose the Petition, or the conclusion that an order

granting Petitioner his immediate release is the appropriate remedy. Therefore, Petitioner's application for an order for his release is granted.[1]

Petitioner also requests that the Court enter an order "enjoining any re-detention under the immigration laws of the United States pending a final determination in his removal proceedings." Petition at 18. Such an order would protect Petitioner from the prospect of detention in circumstances otherwise authorized by law—for example, if he committed a serious crime violating the conditions of his release. It would do so for an extended, indefinite amount of time.[2] Petitioner has not provided sufficient legal or factual support for the Court to enter an expansive order protecting him from all future immigration detention regardless of the underlying circumstances. Therefore, that request is denied.

## IV. CONCLUSION

Respondents are directed to release Petitioner within one business day following the date of this order and are further directed to certify compliance with this Court's order by letter filed on the docket no later than August 28, 2026.

The Clerk of Court is directed to enter judgment for Petitioner and to close this case.

SO ORDERED.

Dated: August 23, 2026
New York, New York

GREGORY H. WOODS
United States District Judge

[1] The Court does not need to reach the alternative arguments presented by Petitioner for his release.
[2] The individual hearing for Petitioner's removal proceedings is scheduled for April 14, 2027. Petition at 4.